## ROWLEY v. KOEBER.

(Circuit Court, N. D. Illinois, Northern Division. March 27, 1903.)

No. 26,092.

PATENTS—INVENTION—ARTIFICIAL LIMBS.

The Rowley patent No. 644,464, for an artificial limb suspender, while greatly narrowed by the prior art, is for a combination which makes some advance thereon, and discloses invention; also *held* infringed.

In Equity. Suit for infringement of letters patent No. 644,464, for an artificial limb suspender, granted to James F. Rowley February 27, 1900. On final hearing.

William R. Rummler, for complainant.

Raymond & Barnett, for defendant.

KOHLSAAT, District Judge. Complainant files his bill herein for an injunction to restrain infringement of letters patent No. 644,-464, for an artificial limb suspender, and for an accounting. Defendant denies infringement and the validity of complainant's patent under the prior art, and cites a large number of alleged anticipating patents. The patent in suit has four claims. In brief, it covers a device whereby an artificial limb, consisting of a thigh and leg section, having a knee joint, may be supported and operated by the same suspender in such manner as to enable the wearer to control the action of the two sections by body or shoulder movements, without causing the suspender to saw back and forth upon the shoulder to any objectionable extent. The fact that 23 patents are cited in the prior art tends to show that artificial limbs have been the subject of much consideration by those engaged in useful invention. The cases cited cover all the principles claimed for the patent in suit in detail. The patent is for a combination.

The intense desire of maimed persons to supply the loss of a limb, and the keen satisfaction with which every approach to nature in the operation of an artificial leg, however slight, is received by those unfortunate enough to require such aid, will warrant the court in taking into account very slight advances on the prior art. An examination of a few of the patents cited by defendant will suffice to show what has been done in this art, so far as is decisive of the questions now presented. In the Bly patent, No. 23,656, the leg is supported and adapted by one suspender in such a manner as to permit of the raising of the leg by means of a shoulder movement. This is accomplished by means of an elastic webbing attached to the thigh section. The suspender is so constructed as not to yield to the movements of the strain upon the elastic webbing. There is no sliding movement of the supporting and controlling strap. Its only similarity to complainant's device is the "one suspender" and its response to shoulder movements. Its methods of operation are very different from those in the patent in suit. The Reichenbach patent, No. 41,238, covers a device for an artificial leg, in which the operating cord is fixed to a waist belt held in place by a shoulder strap. The cord passes around the pulley, which is located in the kneecap.

This device relieves the sliding strain upon the shoulders by use of a pulley, but is radically different in structure from that of the patent in suit. The only use of the shoulder strap is to support the belt. The J. Condell patent, No. 48,660, covers a device for a suspender in connection with an artificial limb, which is rigid upon the shoulders and does not yield to the tension of the spring, and which gives the wearer some control over the artificial leg by shoulder action. There is a serious shoulder strain, but the suspender, being rigid, does not respond by sliding. The Legran patent, No. 52,057, covers a device for an artificial leg in connection with a suspender which enables the wearer to use the chest and shoulders in operating the lower section of the leg by a device shown. The suspenders move back and forth over the shoulder in a sawing manner in response to the strain upon the controlling cord. The Monroe patent, No. 58,351, calls for an artificial leg in connection with a suspender which is not specifically described, but which supports the leg and operates by direct spring strain. The Collins patent, No. 295,675, calls for an artificial leg in connection with a suspender which operates and supports the lower part of the leg by means of a cord which provides a compensating action by passing through and moving upon a pulley at the knee joint. The adjustment of the suspender is not shown. The Frees patent, No. 401,426, covers a device for an artificial leg in which the controlling cord operates upon a lever of limited play, with a view to the regulation of the strain upon the shoulders. The Winkley patent, No. 371,239, calls for an artificial limb in connection with a suspender so contrived and connected as to enable it properly to support the limb, and at the same time permit the greatest freedom of motion of the limb without displacement of the straps or suspender. The operating cord has a double sliding motion, one through loops in the suspender proper, and the other and lower one through loops fastened to the upper section of the leg, thus preventing any serious sliding movement upon the shoulder, as in the patent in suit. The manner of moving the lower section is not shown. The Tullis patent, No. 598,452, provides for a single strap for the support and operation of the leg. The L. Riebel, Jr., patent, No. 623,741, covers a device for an artificial leg in connection with a suspender which is passed over the shoulder, and which has a sliding movement over front and rear pulleys fastened to the leg.

Thus it will be seen that the combination of a leg holder and controller in one suspender is not new. It is also evident that the use of loops and pulleys in connection with the operation of the suspender, and the operating cord to effect the control of the lower section of the leg, is old. It is also apparent that devices calculated to enable the wearer to direct the movement of the lower section of the leg by shoulder or chest action have been long before the public. The only change brought about by Rowley consists in the adjustment of the suspender to the lower section of the leg, and the arrangement of certain guides placed on the upper section. His patent is called "an artificial limb suspender." His claims include the two leg sections as well. The defendant's device is almost iden-

tical with complainant's. It lacks the guide link "12," but this, complainant insists, is not essential to his device. There is some difference in the arrangement of the flexible straps connecting the operating cord and the lower section, as shown by the drawings, but that feature is not in question.

The defendant relies mainly upon the prior art as a defense. While the patent in suit is greatly narrowed by anticipation, I am of the opinion that in the combination of the operating cord with the sliding loop, and the sliding connection of the flexible straps which move the lower section with the operating cord, and the arrangement of the guides upon the upper section of the leg, complainant has made a slight advance upon the prior art, and the patent in suit is therefore sustained. The pulleys of defendant's device are the equivalents of complainant's sliding loop. There can be no doubt that, if the patent in suit is valid, defendant infringes.

Solicitor for complainant may prepare a decree in accordance herewith.